UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. DAVIS, | Case No. 1:19-cv-01299-DAD-EPG |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |
| v. | **(ECF NO. 1)** |
| JERRY DOE, *et al.*, | 30 day deadline |
| Defendants. | |

Plaintiff, Charles Davis ("Plaintiff"), is proceeding *pro se* and *in forma pauperis* in this action filed September 16, 2019.  Plaintiff's complaint asserts constitutional claims against the Kings Gospel Mission and a lead staff member there.  Because these appear to be private entities, not subject to the Constitution or section 1983, it appears that the Court lacks subject matter jurisdiction over this action.

The Court will therefore require Plaintiff to show cause why this action should not be dismissed based on lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."). Plaintiff must file a response to this order within 30 days.

I.     **Legal Standards for Federal Subject Matter Jurisdiction**

This court is a federal court, which is a court of limited jurisdiction.  *Gunn v. Minton*, 568

U.S. 251, 256 (2013) (internal quotation marks omitted) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.").

There are two bases for federal subject matter jurisdiction: federal question and diversity. Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. . . ." 28 U.S.C. § 1332(a). Plaintiff, as the party invoking federal jurisdiction, "has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Plaintiff appears to be asserting causes of action under the U.S. Constitution. Individuals and private entities are not normally liable for violations of most rights secured by the United States Constitution. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982). In order to maintain a cause of action based on an allegation of constitutional violations, a plaintiff must show that the actions complained of are "fairly attributable" to the government. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 567 (9th Cir.1987).

This state action requirement is also statutory under the statute that provides a private right of action to enforce constitutional violations against state actors. Specifically, 42 U.S.C. § 1983 states that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . ." 42 U.S.C. § 1983. Thus, for actions arising under 42 U.S.C. § 1983, "a plaintiff must show that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). Therefore, "merely private conduct" is not actionable under § 1983, "no matter how discriminatory or wrongful." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). A state action is a

jurisdictional requirement. *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980-81 (9th Cir. 2003) (affirming dismissal against defendants in § 1983 action for lack of subject matter jurisdiction because defendants were not state actors).

The exception is when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Caviness*, 590 F.3d at 812. In *Brentwood* Academy *v. Tennessee Secondary School Athletic Association*, the Supreme Court listed seven instances where a private actor's conduct may properly be considered a state action:

> We have, for example, held that a challenged activity may be state action when it results from the States exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents. We have treated a nominally private entity as a state actor when it is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control.

531 U.S. 288, 296 (2001) (internal quotation marks, citations and brackets omitted).

### II.     Application to Plaintiff's Complaint

Plaintiff's Complaint (ECF No. 1) alleges two claims under the U.S. Constitution against Kings Gospel Mission ("the Mission") and Jerry Doe, a lead staff member at the Mission.  This appear to be private, not government, actors.  Thus, they are not subject to the U.S. Constitution, and cannot be sued under Section 1983.  Without any such federal claim, the Court lacks jurisdiction over Plaintiff's complaint against them.

In Plaintiff's complaint, Plaintiff states that the Kings Gospel Mission is a "Public Entity, non-profit faith based organization." (ECF No. 1, at 4.) However, Plaintiff does not assert any facts that establish that it is a public entity.  The Court takes judicial notice,[1] that the Kings Gospel Mission's webpage states that "Kings Gospel Mission & Cornerstone Industries does not accept or solicit government grants."  https://kingsgospelmission.org/.  This appears to confirm that it is a private entity, and not a government actor.

---

[1] Federal Rule of Evidence 201.

The Complaint also does not include factual allegations that support a finding of diversity jurisdiction. To the contrary, the Complaint lists Plaintiff's mailing address as being in Hanford, CA, and that the Mission is at 805 W. 7th St., Hanford, CA.

### III.     Conclusion and Order to Show Cause

Accordingly, Plaintiff is ORDERED to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Plaintiff shall file, **within 30 days of the date of this Order, either**: (1) an amended complaint alleging facts demonstrating the basis of this Court's subject matter jurisdiction; or (2) a response to this Order to Show Cause otherwise demonstrating the basis for the Court's subject matter jurisdiction.

**Plaintiff is cautioned that failure to respond to this Order to Show Cause may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **April 16, 2020**               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE