1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES L. DAVIS. | CASE NO. 1:19-cv-01299-DAD-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| JERRY DOE, et al., | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |
| Defendants. | (ECF No. 6 ) |

Plaintiff, Charles Davis ("Plaintiff"), is proceeding *pro se* and *in forma pauperis* in this action filed September 16, 2019. (ECF Nos. 1, 2). Plaintiff's complaint asserts constitutional claims against the Kings Gospel Mission and a lead staff member there. Because those appeared to be private entities, not subject to the Constitution or section 1983, the Court ordered Plaintiff on April 16, 2020 to show cause why the case should not be dismissed for lack of subject matter jurisdiction within 30 days. (ECF No. 6). Plaintiff has not responded to the Court's order.

Accordingly, the Court recommends dismissing Plaintiff's case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Snell v. Cleveland, Inc*., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."); 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been

1

1   paid, the court shall dismiss the case at any time if the court determines that the action or appeal

2   fails to state a claim upon which relief may be granted.").

3   ## I.     SUBJECT MATTER JURISDICTION

4   ### A.     Legal Standards for Federal Subject Matter Jurisdiction

5          This court is a federal court, which is a court of limited jurisdiction.  *Gunn v. Minton*, 568

6   U.S. 251, 256 (2013) (internal quotation marks omitted) ("Federal courts are courts

7   of limited jurisdiction, possessing only that power authorized by Constitution and statute.").

8          There are two bases for federal subject matter jurisdiction: federal question and diversity.

9   Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil

10  actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11  Under diversity jurisdiction, federal district courts "have original jurisdiction of all civil actions

12  where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . .

13  citizens of different states. . . ." 28 U.S.C. § 1332(a). Plaintiff, as the party invoking federal

14  jurisdiction, "has the burden of proving the actual existence of subject matter jurisdiction."

    *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

15         Plaintiff appears to be asserting causes of action under the U.S. Constitution.  Individuals

16  and private entities are not normally liable for violations of most rights secured by the United

17  States Constitution. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982). In order to maintain

18  a cause of action based on an allegation of constitutional violations, a plaintiff must show that the

19  actions complained of are "fairly attributable" to the government. *Rendell–Baker v. Kohn,* 457

20  U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 567 (9th

21  Cir.1987).

22         This state action requirement is also statutory under the statute that provides a private

23  right of action to enforce constitutional violations against state actors.  Specifically, 42 U.S.C. §

24  1983 states that "Every person who, under color of any statute, ordinance, regulation, custom, or

25  usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

26  any citizen of the United States or other person within the jurisdiction thereof to the deprivation

27  of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . ."

28

1    42 U.S.C. § 1983.  Thus, for actions arising under 42 U.S.C. § 1983, "a plaintiff must show that

2    the conduct allegedly causing the deprivation of a federal right be fairly attributable to the

3    State."  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010)

4    (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). Therefore, "merely private

5    conduct" is not actionable under § 1983, "no matter how discriminatory or wrongful." *Id.*

6    (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). A state action is a

7    jurisdictional requirement. *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980-81 (9th Cir. 2003)

8    (affirming dismissal against defendants in § 1983 action for lack of subject matter jurisdiction

9    because defendants were not state actors).

10        The exception is when "there is such a close nexus between the State and the challenged

11   action that seemingly private behavior may be fairly treated as that of the State itself." *Caviness*,

12   590 F.3d at 812. In *Brentwood* Academy *v. Tennessee Secondary School Athletic Association*, the

13   Supreme Court listed seven instances where a private actor's conduct may properly be considered

14   a state action:

15        We have, for example, held that a challenged activity may be state action when it
           results from the States exercise of coercive power, when the State provides
16         significant encouragement, either overt or covert, or when a private actor operates
           as a willful participant in joint activity with the State or its agents. We have
17         treated a nominally private entity as a state actor when it is controlled by an
           agency of the State, when it has been delegated a public function by the State,
18         when it is entwined with governmental policies, or when government is entwined
           in its management or control.
19

20   531 U.S. 288, 296 (2001) (internal quotation marks, citations and brackets omitted).

21        **B.        Application to Plaintiff's Complaint**

22        Plaintiff's Complaint (ECF No. 1) alleges two claims under the U.S. Constitution against

23   Kings Gospel Mission ("the Mission") and Jerry Doe, a lead staff member at the Mission.

24        These appear to be private, not government, actors.  Thus, they are not subject to the U.S.

25   Constitution, and cannot be sued under Section 1983.  Without any such federal claim, the Court

26   lacks jurisdiction over Plaintiff's complaint against them.

27        In Plaintiff's complaint, Plaintiff states that the Kings Gospel Mission is a "Public Entity,

28   non-profit faith based organization." (ECF No. 1, at 4.) However, Plaintiff does not assert any

facts that establish that it is a public entity.  The Court takes judicial notice,[1] that the Kings

Gospel Mission's webpage states that "Kings Gospel Mission & Cornerstone Industries does not

accept or solicit government grants."  https://kingsgospelmission.org/.  This appears to confirm

that it is a private entity, and not a government actor.

Additionally, the Court ordered Plaintiff to show cause why his case should not be

dismissed for lack of subject matter jurisdiction, and Plaintiff failed to respond.  (ECF No. 6).

The Complaint also does not include factual allegations that support a finding of diversity

jurisdiction. To the contrary, the Complaint lists Plaintiff's mailing address as being in Hanford,

CA, and that the Mission is at 805 W. 7th St., Hanford, CA.

Therefore, the allegations in the Complaint do not allege federal subject matter

jurisdiction.

## II.   CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1.  This action be dismissed based on the lack of subject matter jurisdiction; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one

(21) days after being served with these findings and recommendations, Plaintiff may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
IT IS SO ORDERED.

Dated:   **May 27, 2020**                         /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Federal Rule of Evidence 201.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28